UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOLITA ABILLE,

        Plaintiff,

        v.

GORDON ENGLAND,

        Defendant.

CASE NO. C03-5393RSM

ORDER ON DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

        This matter is before the Court on the motion of defendant Gordon England[1] to dismiss or, in the alternative, for summary judgment. As matters outside the pleading have been presented for consideration and addressed by both parties, the Court deems this motion as one converted to a motion for summary judgment, to which plaintiff has had an opportunity to respond. F.R.Civ.P. 12(b). For the reasons set forth below, defendant's motion is granted.

## DISCUSSION

        Plaintiff Lolita F. Abille was employed by the Department of the Navy as a civilian employee of the Puget Sound Naval Shipyard at the Bremerton Naval Station. She began working as a Materials Examiner and Identifier in the Fleet and Industrial Supply Center ("FISC"), beginning in 1995, and worked in various departments until she was terminated on December 2, 2002. She has filed this

---

[1] The complaint names Hansford T. Johnson, Acting Secretary of the United States Navy, as defendant. He was succeeded by Gordon England, as stated in defendant's answer. Purusant to F.R.Civ. Proc. 25(d), Gordon England is hereby substituted as defendant.

ORDER ON MOTION TO DISMISS - 1

employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq*.; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*., alleging that defendant harassed her and retaliated against her for filing EEO and OHSA complaints, refused to accommodate her disabilities, and intentionally caused her emotional distress. Complaint, p. 6-7. Defendant has moved for dismissal or summary judgment on all claims. Following a review of the facts, the claims will be addressed in turn.

## FACTUAL BACKGROUND

The following facts are taken from plaintiff's complaint and the administrative record. In the Fall of 1997, plaintiff filed a safety complaint with the Occupational Safety and Health Administration ("OSHA"), stating that she was being exposed to toxic materials in her workplace. In December of 1997, plaintiff's immediate supervisor Ross Colson[2] informed her that all employees in her work unit would be required to take three days of leave, from December 29th to the 31st. Plaintiff declined to take leave on these dates since she wanted to preserve her leave for a later time. She alleges that she later found out that the leave was not mandatory but permissive. Mr. Colson told her that if she chose to work during the three-day period, she could not work alone in her unit. He organized a meeting on December 23rd to discuss having her work the three-day period in another work area. Plaintiff met with her union steward, Bill Crimmins, to protest the transfer. She claims that there was a backlog of work at her own worksite, and that she was qualified to work there alone. According to plaintiff, the retaliatory purpose behind the transfer was made clear at the December 23rd meeting, where she had to sit alone on one side of the table while Crimmins, Colson, and a third man named Bob Edwards, plus Brenda Bird, a woman from the Human Relations department, all sat on the other side. She claims that all three of the men "badgered" her during the meeting, and she asked to take a break so she could meet with her EEO officer. After talking with the EEO officer, she felt so stressed that she went to the bathroom and vomited. She

---

[2] Mr. Colson's name is incorrectly spelled "Coleson" in the complaint.

ORDER ON MOTION TO DISMISS - 2

decided she could not return to the meeting, and left work after filling out an absence slip.  Mr. Colson recorded her as being absent without leave, but this was eventually revised and recorded as approved sick time.  Plaintiff was then switched to another unit for the three days in December, where she claims she was forced to lift heavier objects than she was accustomed to.

During her employment at FISC, plaintiff made numerous requests for authorized leave.  She alleges that because of these leave requests, Mr. Colson verbally abused her and forced her to lift heavy objects.  As a result, she claims, she was forced her to take more sick leave.  In November of 1998, Mr. Colson proposed that plaintiff be removed from employment due to her excessive use of sick leave.  On appeal, however, this possible termination was mitigated down to a ten day suspension.

In April of 2002 plaintiff began working in the Advanced Traceability and Control ("ATAC") branch.  She was assigned to work there as part of a major reorganization of the FISC in March 2001.  Plaintiff claims that she was harassed by her co-workers in ATAC, and as a result had to take sick leave to alleviate the stress.  On July 9, 2002 plaintiff's ATAC supervisor, Chief Fraser, informed her that her sick leave use was unsatisfactory.  On August 30, 2002 Chief Fraser issued a Letter of Requirement outlining the specific procedures with which plaintiff had to comply when taking future sick leave.  On October 11, 2002 Chief Fraser proposed that plaintiff be removed from her position, noting that she had been absent for 81 percent of available working time.  On December 2, 2002, after notice and an administrative review, plaintiff was terminated.

## ANALYSIS

Federal employees are protected from employment discrimination by section 717 of Title VII, and by the Rehabilitation Act. 42 U.S.C. § 2000e-16; 29 U.S.C. § § 791, 794.  For claims under either statute, a federal employee must exhaust administrative remedies in his or her agency in accordance with specified time limits. A complaint must be made to an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discrimination, and a written complaint must be filed with the agency within 15 days of a final interview with the EEO counselor. 29 C.F.R. §§ 1614.105(a); 106(b).  If the employee then takes the case to the Equal Employment Opportunity Commission ("EEOC"), a complaint must be filed with the EEOC within 30 days of receipt of the final decision of her agency.  29

ORDER ON MOTION TO DISMISS - 3

C.F.R. 1614.402(a). If the federal employee is dissatisfied with the results of the EEOC proceedings, the employee may file an action in federal court within 90 days of notice of the final decision or, if the EEOC has not reached a final decision, after 180 days have elapsed from the date of filing with the EEOC. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. The same procedural requirements apply to claims under the Rehabilitation Act. 29 C.F.R. §§ 1614.105(a); 1614.407.

### I. ADA Claim.

Federal employees are not covered under the ADA, because the federal government is excluded from the definition of an "employer" under that act. 42 U.S.C. § 12111(5)(B) (defining "employer" so as to exclude the federal government). Federal employees' remedies for discrimination on the basis of disability lie instead under the Rehabilitation Act. Defendant's motion to dismiss the ADA claim is accordingly GRANTED, and the claim DISMISSED for lack of jurisdiction.

### II. Rehabilitation Act Claim.

Plaintiff states her Rehabilitation Act claim in a single sentence, claiming that "[b]y retaliating against Ms. Abille for her EEO complaints and contacts, and her OSHA complaint, defendant has violated Ms. Abille's rights under the Rehabilitation Act." Complaint, ¶ 5.1. Nowhere does she cite to the specific statutory section which was violated, or allege how it was violated by defendant's actions. Nor has she alleged that she is a person with a physical or mental impairment which "substantially limits one or more of [her] major life activities; . . . " as required for protection under the Rehabilitation Act. 29 U.S.C. § 705(20)(B)(i). Finally, a review of plaintiff's EEOC proceedings shows that her allegations were based entirely upon discrimination on the basis of sex, race, national origin, and retaliation; nowhere did she allege disability discrimination. Dkt. # 12, Declaration of Marion Mittet, Exhibit J; Dkt. # 20, Declaration of Randy Loun. Her Rehabilitation Act claim must therefore be dismissed for failure to exhaust the administrative procedures set forth above. 29 U.S.C. § 794a(a)(1). Accordingly, defendant's motion to dismiss is GRANTED as to the Rehabilitation Act claim.

### III. Title VII Claim.

Plaintiff has also alleged discrimination in violation of Title VII, stating that "[b]y retaliating against Ms. Abille for her EEO complaint and contacts, and her OSHA complaint, defendant has violated

ORDER ON MOTION TO DISMISS - 4

Ms. Abille's rights under Title VII." Complaint, ¶ 5.2.  Plaintiff invoked this Court's jurisdiction over the Title VII claim pursuant to "42 U.S.C. § 2000e-5(f)(e)".  Assuming plaintiff means § 2000e-5(f), that section does not cover federal employees, because the United States and its entities are excluded from the definition of "employer" subject to suit. *See*, § 701 of Title VII, 42 U.S.C. 2000e(b).  In the absence of statutory authority for a suit against the United States, sovereign immunity has not been waived. Loeffler v. Frank, 486 U.S. 549, 559 (1988).  Congress amended Title VII in 1972 to correct this disparity and permit the imposition of liability for unlawful employment discrimination upon federal entitles. Equal Employment Opportunity Act of 1972, § 717, 86 Stat. 111; codified at 42 U.S.C. § 2000e-16.

Nowhere does the complaint properly invoke the jurisdiction of this Court pursuant to 42 U.S.C. § 2000e-16.  The defendant, in answering, denies the § 2000e-5(f) jurisdictional allegation. Answer, ¶ 2.2.  However, in moving for summary judgment on the Title VII claim, defendant has responded on the merits rather than raising the jurisdictional defect.  The Court therefore will deem the complaint amended to invoke jurisdiction under § 2000e-16, and proceed to review the Title VII claim on the merits.

Plaintiff has exhausted six allegations of discrimination based on her sex, race, or national origin through the procedures set forth above; all relate to events that occurred during 1997 and 1998.  After her termination in 2002, plaintiff filed a new EEO complaint bearing allegations of discriminatory actions during 2002, including her termination.  That complaint was filed January 22, 2003, and had not been pending for 180 days when she filed this complaint.  The allegations in this complaint have thus not been exhausted.

"Title VII specifically requires a federal employee to exhaust [her] administrative remedies as a precondition to filing suit." Vinieratos v. United States, 939 F.2d 762, 767-768 (9th Cir. 1991) (citing Brown v. General Services Administration, 425 U.S. 820, 832 (1976).  An EEO claim under Title VII is considered to be exhausted after: (a) adoption by the relevant government agency of the EEO counselor's final report, (b) a final decision by the EEOC, if the claimant appeals to the EEOC, or (c) passage of 180 days without receipt of a final decision by either the relevant agency or the EEOC. Vinieratos, 939 F.2d at 769; *see also* 29 C.F.R. §§ 1614.407.  There is no evidence in the record to suggest that the EEOC adopted a report or issued any final decision on the 2003 complaint.  Thus in order for plaintiff to have

ORDER ON MOTION TO DISMISS - 5

exhausted her administrative remedies she would have had to wait 180 days from the filing of her complaint with her EEO counselor.    The third EEO complaint was filed on January 22nd, 2003, and the federal court complaint was filed on July 17, 2003.   The period between the filing of the EEO complaint and her federal court complaint amounts to 176 days, four days short of the 180 requirement.   The Ninth Circuit has noted that "[a]llowing a plaintiff to abandon the administrative remedies [s]he has initiated would tend to frustrate the ability of the agency to deal with complaints." Bankston v. White, 345 F.3d 768, 773 (9th Cir. 2003) (*quoting* Purtill v. Harris, 658 F.2d 134, 138 (3d Cir. 1981).   The unexhausted claims in the 2003 complaint, therefore, will not be considered.  29 C.F.R. § 1614.407.

Although she has not so enumerated them in her complaint, plaintiff has exhausted six claims of discrimination through the EEOC process.  In each claim before the EEOC, she contended that she suffered discrimination on account of her sex (female), her race (Asian), or her national origin (Asian Pacific Islander).   She contends that her agency discriminated against her (1)  on December 23, 1997, when she was forced to sit across the meeting table from Mr. Colson and two other men (and a female Human Resources representative); (2) when she was denied her request for 4.5 hours of sick leave after she left the hostile meeting on December 23; (3) when she was charged with an unauthorized absence for leaving the workplace on December 23; (4) when she was suspended for ten days as punishment for being absent without leave during August and September, 1998; (5) when she was denied keycard access to her work area on November 23, 1998; and (6) when she was admonished for calling 911 to report a broken steam pipe in her work area.

To prevail on a claim of disparate treatment based on race, sex, or national origin, plaintiff must prove that her employer's challenged conduct was motivated by intentional discrimination.   Washington v. Garrett, 10 F. 3d 1421, 1431-32 (9th Cir. 1993).   Federal employees' claims of discrimination are analyzed under the usual Title VII standards.   Where, as here, there is no direct evidence of discrimination, the claims are subject to the traditional burden-shifting analysis set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). In order to make a prima facie case of discrimination, plaintiff must show that (1) she was within a protected group, (2) she was subjected to an adverse employment action, (3) she was doing satisfactory work, and (4) other employees who were not members of the

ORDER ON MOTION TO DISMISS - 6

protected group were not treated similarly.  Id.  Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the complainant's termination.  McDonnell Douglas, 411 U.S. at 803.  Should the defendant carry this burden, the burden of production then shifts back to the plaintiff to demonstrate that the defendant's stated reasons were a mere pretext for discrimination.  Id.

Defendant has moved for summary judgment on the Title VII claim on the basis that plaintiff has not presented any evidence of discrimination under this framework.  In opposing summary judgment, plaintiff has the burden of establishing her prima facie case.  Garrett, 10 F. 3d at 1432.  A review of the record shows she has not met this burden.  The complaint does not even set forth the required elements—she has neither alleged that she is a member of any protected class, nor that other similarly-situated employees not in her protected class were treated differently.[3]  While her gender is apparent from her name and the use of "she" and "her" throughout the complaint, the Court is left to assume that she is a member of a racial or ethnic minority group.  Further, most of the challenged actions of defendant—a three-day transfer, the meeting with supervisors and a union representative, admonishment for improper handling of a pipe leak, denial of sick leave for the time when she left work after the meeting—do not amount to adverse employment actions.  Plaintiff has not corrected these deficiencies in her opposition to summary judgment; she has merely re-stated her allegations and her belief that these facts show discrimination.  However, "purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment."  Forsberg v. Pac Bell N.W. Telephone Co., 840 F. 2d 1409, 1419 (9th Cir. 1988).  Plaintiff has repeatedly alleged that she felt she was being harassed and retaliated against by Mr. Colson, referring to the three-day transfer in December, 1997.  However, her subjective belief that she was transferred for discriminatory reasons is not sufficient to establish her prima facie case.

Even if plaintiff's claims are analyzed as a hostile environment claim, she has failed to produce

---

[3]She does, at ¶ 4.22, allege that male employees were allowed to work alone in the work area when she was not.  However, nowhere has she identified the race or ethnicity of the other employees to demonstrate disparate treatment on that basis.

ORDER ON MOTION TO DISMISS - 7

sufficient evidence to sustain her Title VII claim. In order to set forth a claim of a hostile or abusive work environment, plaintiff must show that (1) she was subjected to verbal or physical conduct of a harassing nature based on her race or sex; (2) the conduct was unwelcome, and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Fuller v. City of Oakland, 47 F. 3d 1522, 1527 (9th Cir. 1995) (citations omitted). The workplace must be both subjectively and objectively abusive. Id. Whether an environment is sufficiently hostile is judged by all the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Faragher v. Boca Raton, 524 U.S. 775, 787-88 (1998). Only harassing conduct that is severe or pervasive can produce the required constructive alteration in the conditions of employment. Burlington Industries v. Ellerth, 524 U.S. 742, 752 (1998).

The allegedly hostile situation here—being made to sit across the table from three men at the December 23, 10997 meeting—simply does not rise to that level. Plaintiff's subjective belief that the others were "ganging up on her" on account of her sex or race is objectively unreasonable, particularly in light of the fact that a female Human Resources representative, Brenda Bird, was also at the meeting. This alleged harassment by Mr. Colson was neither frequent nor threatening, nor was it so pervasive as to alter the conditions of plaintiff's employment. Nor has plaintiff stated any facts which would link his conduct to her sex or ethnicity.

In opposing summary judgment on her Title VII claim, plaintiff has only actually argued the retaliation aspect. As she asserts, in order to establish a prima facie claim based on retaliation, she must show that (1) she engaged in protected activity; (2) the employer subsequently took an adverse action against her; and (3) there was a causal link between the two events. Steiner v. Showboat Operating Co., 25 F. 3d 1459, 1464 (9th Cir. 1994); *cert. denied*, 513 U.S. 1082 (1995). She claims that she meets these requirements by showing (1) that she engaged in protected activity by filing the OSHA and EEO complaints, and (2) she was "eventually" terminated. However, her termination claim is not cognizable in this action because she did not exhaust her administrative remedies, as shown above. She has

ORDER ON MOTION TO DISMISS - 8

therefore failed to make out a prima facie case of discrimination based on her termination.

In her complaint, plaintiff also appears to allege a retaliatory motive behind her transfer to another work area (presumably the April, 2002 transfer to the Advanced Traceability and Control ("ATAC") unit). Complaint, ¶¶ 4.29, 4.30. This allegation, however, is not one of the six claims exhausted in the EEOC process. On the other hand, the one retaliation claim that plaintiff did exhaust through the EEOC process, namely the ten-day suspension in November, 1998, was not specifically raised as a retaliation claim in the complaint, and was not argued in opposing summary judgment.

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotrex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the Court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. Id. Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. However, a genuine issue of fact will not be found where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F. 3d 1477, 1481 (9th Cir. 1996).

Apart from a copy of the final decision of the EEOC on her 1997 and 1998 complaints, plaintiff has filed no evidence of her own in opposition to the motion for summary judgment. In support of her allegations, she has cited only to her own deposition. As shown above, the facts alleged in the complaint and this deposition fail to establish a prima facie case of discrimination. Accordingly, defendant's motion

ORDER ON MOTION TO DISMISS - 9

for summary judgment on the Title VII claim is GRANTED.

## CONCLUSION

Plaintiff's ADA claim is DISMISSED for lack of jurisdiction.  Her Rehabilitation Act claim is DISMISSED for failure to exhaust administrative remedies.  As to the Title VII claims, defendant's motion for summary judgment is GRANTED.  The Court declines supplemental jurisdiction over plaintiff's claim of intentional infliction of emotional distress, and that claim is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1367(3).

DATED this ___15th___ day of  June  2005.

    /s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge

ORDER ON MOTION TO DISMISS - 10